302 F.2d 724
 UNITED STATES of America, Appellant,
v.
174 CASES, MORE OR LESS, each containing 24 10-ounce
packages of an article labeled in part: (package)
'DELSON THIN MINTS CHOCOLATE COVERED * *
* Delson Candy Co. * * * New
York, N.Y. * * *'.
 No. 13904.
 United States Court of Appeals Third Circuit.
 Argued March 20, 1962.
Decided April 16, 1962.
 
 William W. Goodrich, Washington, D.C. (Herbert J. Miller, Jr., Asst. Atty. Gen., Harold P. Shapiro, Duane Nelson, Attys., Dept. of Justice, David M. Satz, Jr., U.S. Atty., Clair A. Cripe, Atty., Dept. of Health, Education, and Welfare, on the brief), for appellant.
 Richard P. Brown, Jr., Philadelphia, Pa., for appellee.
 J. Wesley Oler, Philadelphia, Pa. (Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellee, Delson Candy Co.
 Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the District Court for the District of New Jersey dismissing a libel against a number of cases of chocolate-covered mints manufactured by the Delson Candy Company. The libel is based upon the charge that the packaging of Delson Mints is so slack that the purchasing public is deceived and that the packaging used by Delson does not serve such functional usefulness as to justify the form of package adopted.
 
 
 2
 The case has been here once before. See United States v. 174 Cases, etc., 3 Cir., 287 F.2d 246 (1961). The opinion of the Court, by Chief Judge Biggs, outlined the manner in which a trial court could and should make findings of fact on the issues involved. The case was sent back to the trial court for this purpose.
 
 
 3
 The trial court, pursuant to the directions of this Court, did make findings and made them in detail. The conclusion based on those findings is that the libel should be dismissed. 195 F.Supp. 326 (1961).
 
 
 4
 Bearing in mind that our function in such a case is not to reverse the trial court unless the fact conclusions are clearly erroneous, we shall affirm in this instance. The findings were responsive to the questions involved. They were based upon consideration of a large amount of testimony. Whether we would agree with each one had we the initial responsibility is not the point here. The sustaining of the findings because not clearly erroneous is, of course, no foundation for a similar conclusion in cases presenting other questions of fact.
 
 
 5
 The judgment of the district court will be affirmed.